| | | |
|---|---|---|
| United States District Court | Southern District of Texas | United States District Court<br>Southern District of Texas<br>**ENTERED**<br>January 06, 2022<br>Nathan Ochsner, Clerk |

| | | |
|---|---|---|
| Joanna Koong, | § | |
| Plaintiff, | § § § | |
| versus | § | Civil Action H-20-1508 |
| Robert Talbot, | § § | |
| Defendant. | § § | |

## Opinion on Dismissal

1. *Background.*

Bits Technical Corporation sells and services video surveillance systems in Texas. It was founded by Joanna Koong. In 1998, it expanded operations to Louisiana. It created a successor entity called Security First, LLC, and registered in Louisiana.

Koong is the President of Bits Technical and a principal in Security First. From Texas, Bits Technical manages accounting, payroll, information technology services and bookkeeping for Security First.

Around 2008, Robert Talbot began working as a sales manager for Security First in Louisiana. Ten years later, Robert Talbot acquired 49% ownership in Security First. The agreement said all disputes or legal actions arising from the contract would be resolved in Louisiana.

Over the years, Koong and Talbot disagreed about compensation. When Talbot asked for a raise, Koong declined. Koong alleges that Talbot retaliated by making defamatory statements to Security First employees and vendors. Koong also alleges that Talbot attempted to steal proprietary information and trade secrets from Security First.

Koong sued Talbot for: (a) defamation, (b) tortious interference with business relations, (c) fraud, (d) breach of contract, and (e) breach of fiduciary duty. Talbot moved to dismiss for lack of jurisdiction and improper venue.

2. *Jurisdiction.*

To decide a dispute between parties of different states, the court must have jurisdiction over the defendant. Jurisdiction of a nonresident is proper if it satisfies Texas law. Texas law extends jurisdiction to defendants who do business in Texas.[1] Jurisdiction must also comport with constitutional due process. Due process allows jurisdiction when a defendant has established "minimum contacts."[2] A defendant has minimum contacts if he purposefully availed himself of the benefits and protections of the state. Jurisdiction must also be reasonable.

Koong says Talbot has established sufficient contacts for jurisdiction. She says he has traveled to Bit Technical's office in Houston, Texas, and regularly communicated with workers in Texas through email and text.

Talbot argues that these contacts are insufficient to establish personal jurisdiction. He is a resident of Louisiana. He says Security First is not registered to do business in Texas and has no employees in Texas. He says he has not traveled to Texas since 2015.

Koong is domiciled in Texas. Her business, Bits Technical, is principally located in Texas. The "successor entity" of Bits Technical is Security First. It is located and registered in Louisiana. Talbot is domiciled in Louisiana. His employment with Security First operated primarily in Louisiana.

Insufficient facts show that Talbot has minimum contacts with Texas. His contacts arose out of his business activities with Security First. The agreement governing the relationship has a forum-selection clause requiring Louisiana jurisdiction. If there is forum-selection clause, it is enforceable unless it is unreasonable.[3] It shows the parties consented to jurisdiction in a specific forum.

This court lacks jurisdiction.

---

[1] Tex. Civ. Prac. & Rem. Code § 17.041-.045

[2] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)

[3] *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 14 (5th Cir. 1995)

3. *Improper Venue.*

The court of the proper venue must decide a dispute. The court must weigh the convenience of the parties with the interests of justice.[4] If this is an inconvenient forum, the court has discretion to dismiss or transfer the case.[5] When there is diversity, a case may be brought in:

> (a) a judicial district where any defendant resides, if all defendants reside in the same state;
> (b) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or
> (c) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced.[6]

Talbot says this court is not the proper venue. He identifies three pending lawsuits before the state courts in Louisiana between Koong and Talbot that relate to Security First. He suggests a transfer to Louisiana would be more appropriate to resolve this dispute.

Koong says Talbot's arguments for improper venue are disguised as a motion to transfer. She says Talbot removed the case and may not now move to transfer.[7] She insists this is the proper forum because the defamation claims arose from communication with workers located in Texas.

This court will not entertain forum-shopping. The alleged claims arose from the decaying business relationship between Koong and Talbot. The relationship operated under an agreement with a clause that selects Louisiana as the forum. Disputes should be litigated in that forum.

Texas is an inconvenient forum for claims that occurred in Louisiana. Louisiana and Texas are in close proximity—it will not burden Koong. The interests of justice support Talbot's claims for venue in Louisiana.

---

[4] *Veba–Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1247 (5th Cir.1983)

[5] 28 U.S.C.A. § 1441 (e)(6)

[6] 28 U.S. Code § 1391 (b)

[7] *Polizzi v. Cowles Mags., Inc.*, 345 U.S. 663, 665 (1953)

4.  *Conclusion.*

Joanna Koong's claims against Robert Talbot are dismissed for lack of personal jurisdiction and improper venue. Because this is an inconvenient forum, the case is transferred to the United States District Court for the Eastern District of Louisiana.

Signed on January 5, 2022 at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge